

**SO ORDERED.**
SIGNED this 21st day of September, 2015

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | |
| **Larry Gene Ford** ) | No. 1:14-bk-10164-SDR |
| **Patsy Gaye Ford** ) | **Chapter 13** |
| ) | |
| **Debtors** ) | |
| ) | |
| **Larry Gene Ford** ) | |
| **Patsy Gaye Ford** ) | |
| **Plaintiffs** ) | |
| ) | |
| v. ) | Adv. No. 1:14-ap-01029-SDR |
| ) | |
| **Wells Fargo Bank, N.A.** ) | |
| ) | |
| **Defendant** ) | |

## Memorandum

This matter comes before the court on a motion for summary judgment filed by defendant Wells Fargo Bank, N.A. The Plaintiffs have alleged that Defendant has failed to properly credit payments made by the Plaintiffs to the Defendant.

This court has jurisdiction over this matter under 28 U.S.C. § 1334 and 157(a) and (b)(2)(C).

Defendant moved for summary judgment on August 12, 2015. [Doc. No. 23.] Plaintiffs have failed to respond. Under the local rules, "failure to respond timely will be construed to mean that the respondent does not oppose the relief requested. . . ." E.D. Tenn. LBR 7007-1(a). Additionally, failure to respond allows "the material facts set forth in the movant's statement [to] be deemed admitted." E.D. Tenn. LBR 7056-1(b).

The following are the undisputed facts:

Plaintiffs' indebtedness to Wells Fargo is evidenced by an Adjustable Rate Note dated March 21, 1997 and executed by Plaintiffs in the original principal amount of $44,000.00 (the "Note"). [Kruse Aff. ¶ 4 & Ex. A attached thereto.] As security for the Note, Plaintiffs executed a Deed of Trust dated March 21, 1997 (the "Deed of Trust"), secured by certain real property located at 6515 Hunt Drive, Chattanooga, Tennessee 37421 (the "Property"). [Kruse Aff. ¶ 5 & Ex. B attached thereto.] Wells Fargo is the authorized servicer of the Loan evidenced by the Note and Deed of Trust. [Kruse Aff. ¶ 6.]

Plaintiffs filed their current Chapter 13 case on January 14, 2014 ("2014 Bankruptcy Case"). On January 31, 2014, Wells Fargo filed an Objection to the Confirmation of Plaintiffs' proposed Plan [Doc. 20, ("Objection to Confirmation").] In the Objection to Confirmation, Wells Fargo explains that it "objects to said Chapter 13 plan because the proposed plan provides for the payment of pre-petition arrearage in the amount of $5,500.00 to be paid with first available funds." [Doc. 20, Objection to Confirmation.] However, the pre-petition arrearage amount set forth in the proposed plan is "significantly lower than the actual amount of arrearage[,]" which is $10,496.45. [Id.] In its Objection to Confirmation, Wells Fargo further

explains that "[g]iven the amount of the pre-petition arrearage and the ongoing payment in the amount of $442.78, it is not likely the Debtors can pay the full amount of arrearage within 60 months. Therefore, the proposed Chapter 13 plan is not feasible." [Id.]

Wells Fargo filed its Proof of Claim on March 6, 2014. [Claim # 7; Kruse Aff. ¶ 8 and Ex. C attached thereto.]   As stated on Claim # 7, at the time the 2014 Bankruptcy Case was filed, $43,823.62 was due pursuant to the terms of the Note executed by Plaintiffs, including an arrearage amount equal to $10,451.11 [Kruse Aff. ¶ 9 and Ex. C attached thereto.] Wells Fargo has not received any payment in the 2014 Bankruptcy Case from either the Debtors or the Trustee [Kruse Aff. ¶ 10.]

Plaintiffs filed an Objection to Claim #7 on March 20, 2014.  [Doc. 33, ("Claim Objection").]  On the same date, Plaintiffs filed their Complaint in this Adversary Proceeding [Doc. 1, ("Complaint").] On December 17, 2014, the Plaintiffs and Wells Fargo entered an Agreed Order Consolidating Claim Objection into Adversary Proceeding. [Doc. 71.]

Plaintiffs have alleged that Defendant failed to give proper credit for payments received.

Plaintiffs made a similar allegation in previous bankruptcy, case number 08-11562. The Plaintiff filed Adversary Proceeding No. 12-01079 ("2008 Adversary"). Those allegations were resolved by settlement and the Adversary was dismissed in September of 2013. [Stipulation of Dismissal in 2008 Adversary, Doc. 25-4.] As part of the settlement, Plaintiffs agreed that "all issues in the [2008] Adversary proceeding ha[d] . . . been fully and finally resolved by the Parties." [*Id.*]

As of the date of filing, Plaintiffs were 19 months delinquent on their mortgage; Defendant had not received an on going mortgage payment since June of 2012. [Claim # 7.] The Plaintiffs owed $8,412.91 in past due payments and an additional $2,083.54 in fees but were

entitled to a credit of $45.34 for unapplied funds. [*Id.*] In total, the Plaintiffs owed $10,451.11. [*Id.*]

Given that the Plaintiffs are estopped from arguing that any of the payments made before the settlement in the 2008 Adversary were misapplied, that, since that settlement, there have been no payments made for Defendant to misapply, and that the Plaintiffs failed to respond to the motion for summary judgment as required by the local rules, the court will grant Defendant's motion for summary judgment.

## **ORDER**

For the reasons stated above, it is ORDERED that the motion for summary judgment is granted and the action against Wells Fargo is dismissed in its entirety. Pursuant to the Agreed Order entered on December 16, 2015, consolidating the plaintiff's objection to the claim no. 7-1 filed by Wells Fargo Bank N.A. , it is further ordered that the objection to the claim is overruled.

###